Case 19-20911-GLT    Doc 89    Filed 12/13/21    Entered 12/13/21 08:09:44    Desc Main
Document    Page 1 of 2

FILED
12/13/21 8:04 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 19-20911-GLT |
| | : | Chapter: | 13 |
| Ashley M. Yohe | : | | |
| | : | | |
| | : | Date: | 12/8/2021 |
| *Debtor(s).* | : | Time: | 10:30 |

## PROCEEDING MEMO

**MATTER:**
#70 Debtor's Objection to the Notice of Mortgage Payment Change of Andrews FCU (Claim No. 12)
    #82 - Opposition Response filed by Andrews FCU

#72 Debtor's Objection to the Notice of Mortgage Payment Change of Andrews FCU (Claim No. 16)
    #81 - Opposition Response filed by Andrews FCU

#67 Continued Motion for Status Conference and Payment of Attorney Fees [Dkt. No. 40]

**APPEARANCES**:
    Debtor:         Lauren M. Lamb
    Trustee:        Owen Katz
    Andrews FCU:    Karina Velter/Lysa Simon

**NOTES:** [10:58 a.m.]

Lamb: I am willing to withdraw my objection to the NMPC involving the second mortgage at claim number 16. As for the motion for a status conference, I am waiting on the loan history from the credit union.

Simon: I want to address the computer system at the credit union. Payment information cannot be backdated.

Court: The parties agree with the reconciliation of the ledger, correct?

*All agree*

Court: Okay, so what is the reason for the additional information?

Lamb: I agree there is no point, based on what Attorney Simon has indicated. The other issue is with my attorney fees. $11,745 not counting the fees related to the objections.

Simon: Some of the fees included are administrative in nature for a paralegal but we paid it anyways. It is our position that the fees should stop at some point.

Court: I want to see everything wrapped up on this by the end of the month. It appears that we're almost there. The expectation is that you return the check to the credit union and you will receive another check that will compensate for all fees. Please provide the resolution via a certification of counsel by the December 21.

Lamb: As for claim number 12 for the first mortgage, I am objecting to the increased amount to be paid into escrow. The monthly mortgage payment is now $3,019.63 due to an increase of $300 per month. Unfortunately, this increase is coming all at once.

Simon: The credit union is only asking for the estimated taxes plus 1/6 of the payment. Everything that the credit union has done has been in full compliance with federal law. There is no requirement that we increase the amount to be held in escrow incrementally.

Lamb: The way that the credit union is applying a 2 month cushion is incorrect. We are going to have the escrow account go negative in October 2022 after the payment of the school district tax.

Court: Okay. We're hitting the reset button on this issue. I want to see an acknowledgement that the escrow payment of $1,143.94 is the proper amount, unless there is an increase in taxes or insurance. I do not want to see an attempt by the credit union next year to recoup more than is necessary if the escrow account goes negative. I want to see a proposed order for this under certification of counsel submitted within the next 2 weeks.

**OUTCOME:**

1. The the hearing on the *Debtor's Objection to the Notice of Mortgage Payment Change of Andrews FCU (Claim No. 12)* [Dkt No. 70] is CONCLUDED. [Text Order to Issue] On or before December 17, 2021, the parties shall submit a proposed form of order resolving the objection on the terms discussed on the record at the December 8, 2021 hearing.

2. The *Debtor's Objection to the Notice of Mortgage Payment Change of Andrews FCU (Claim No. 16)* [Dkt. No. 72] is DENIED AS WITHDRAWN. [Text Order to Issue]

3. The *Continued Motion for Status Conference and Payment of Attorney Fees* [Dkt. No. 40] is CONCLUDED. To resolve the initial dispute that prompted Debtor to request a status conference, on or before December 17, the parties shall provide a proposed order under certification of counsel that (1) acknowledges the current state of the account as of December 1; (2) incorporates the line item account ledger entries of all accruals, payments, and application of such payments from the loan's inception through December 1, 2021; (3) acknowledges and demonstrates the agreement between the parties that they shall be bound by the account ledger (including the representation that the account ledger provides an accurate accounting of the subject loan notwithstanding any contrary data, records, or accounting that Andrews Federal Credit Union may have in its possession); (4) the account ledger may be relied upon by third parties including, but limited to, any subsequent transferee of the loan or any credit reporting agency (to reflect the current status of the loan as of December 1, 2021). [Text Order to Issue]

**DATED:** 12/8/2021